M. Z. FOLGER v. WILLIAM BOWLES.

A vendor, who has sold land and given a bond to make title when the price is paid, and who has paid a part of such price, has no interest in the land which can be sold under an execution.

(*Tally* v. *Reid*, at this Term, cited and approved.)

CIVIL ACTION in the nature of ejectment, tried before *Cannon, J.*, at Fall Term, 1873, SURRY Superior Court.

The plaintiff claimed title to the land in controversy, under a deed made in pursuance of an execution, under a judgment of a Justice of the Peace, against one Elizabeth Butcher. There was no controversy as to the regularity of the proceedings under which the deed was executed. The defendant admitted himself in possession of the land in controversy, and claimed title thereto under the same Elizabeth Butcher. It was admitted that Elizabeth Butcher had only a life estate in the land. The defendant showed a deed from Elizabeth Butcher, conveying two-thirds of said land to him, dated 8th of May, 1858, and also a bond for title to said land, dated 25th of February, 1856. A part of the purchase money had been paid.

The plaintiff asked his Honor to instruct the jury that notwithstanding the title bond of Elizabeth Butcher, was outstanding, at the day of the levy, still the plaintiff, by the said levy and the proceedings thereon acquired the legal title, and the legal title alone being in question, the plaintiff would be entitled to recover the legal title subject to the equity of the defendant.

The defendant insisted that Elizabeth Butcher had no interest in the land described in the complaint, which was subject to sale under execution, and therefore the plaintiff was not entitled to recover. The Court being of opinion with the defendant so instructed the jury.

The jury rendered a verdict in favor of the defendant, whereupon the plaintiff moved for a new trial. Motion for a new trial was overruled and thereupon the plaintiff appealed upon the following ground:

The Court erred in instructing the jury that a defendant in execution, who had contracted to sell his land, and given bond for title, and had received a part, but not all, of the purchase money, had no such interest in land as was subject to sale under execution.

— *Masten*, for appellant.
*McCorkle & Bailey*, contra.

READE, J. The question involved in this case is the same as in *Tally* v. *Reid*, at this term, where it is fully considered; and the principles there laid down govern this. A vendor who has sold land, given a bond for title when the price is paid, a part of which has been paid, has no interest in the land which can be sold under execution.

There is no error.

PER CURIAM.                                Judgment affirmed.